56 F.3d 71
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 FEDERAL INSURANCE COMPANY, Plaintiff-counter-defendant-Appellee,
v.
The LEARNING GROUP INTERNATIONAL, INC.,
Defendant-counter-claimant-Appellant.
 No. 93-56615.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 1, 1995.
Decided May 19, 1995.
 
 1
 Before: BEEZER and TROTT, Circuit Judges, and BURNS, Senior District Judge.*
 
 
 2
 MEMORANDUM**
 
 OVERVIEW
 
 3
 Federal Insurance Company ("Federal") brings this diversity action seeking a declaration that it had no duty to defend or indemnify the Learning Group International, Inc. ("Learning Group"), under a commercial insurance policy ("Primary Policy") and an excess umbrella policy ("Excess Policy") issued by Federal to the Learning Group. Federal declined the Learning Group's tender of an action to enforce a consent judgment filed against the Learning Tree by Learning Tree Open University and GSG Enterprises, Inc. (collectively "GSG"). The district court granted Federal's motion for summary judgment after determining that GSG's action did not fall within the scope of coverage provided by the insurance policies and, alternatively, that the Learning Group's recovery under the policies was barred by the known loss doctrine. In addition, the district court concluded that exclusions contained in the policies obviated any duty Federal might have had under the insurance agreements. Finally, the district court rejected the affirmative defenses asserted by the Learning Group.
 
 
 4
 The Learning Group appeals claiming, inter alia, the district court erred by (1) treating the motion to enforce the consent judgment as an action to enforce a contract, instead of a tort action; (2) applying the known loss doctrine; and (3) construing the policy exclusions so as to preclude coverage. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 DISCUSSION
 
 5
 This appeal raises a multitude of issues concerning Federal's duty to defend under the insurance policies and California state law. We need not address all the arguments presented by the parties, however, because our review of the record, the parties' briefs, and the relevant case law leads us to conclude that Federal's duty to defend the Learning Group is excused by the "prior acts exclusion" contained in the Primary Policy.
 
 
 6
 The Primary Policy provides for coverage of an advertising injury
 
 
 7
 arising solely out of one or more of the following offenses committed in the course of advertising ... goods, products or services:
 
 
 8
 1. oral or written publication of material that slanders or libels ...;
 
 
 9
 2. oral or written publication of material that violates a person's right of privacy;
 
 
 10
 3. misappropriation of advertising ideas or style of doing business; or
 
 
 11
 4. infringement of copyrighted advertising materials, titles or slogans.
 
 
 12
 ER at 322. Federal's obligations under the policy, however, are not absolute; the Primary Policy's prior acts exclusion excludes coverage for any advertising injury "arising out of oral or written publication of material whose first publication took place before the beginning of the policy period." ER at 376.
 
 
 13
 The record reveals that in this case the first publication of the offending name giving rise to the alleged "advertising injury" occurred prior to June 1, 1990, the "beginning of the policy period." See ER at 219, 220 (letters from GSG dated September 18, 1989 and March 27, 1990 complaining of the use of "Learning Tree International" in the tri-county area). Therefore, if the exclusion applies, Federal is relieved of its defense obligation.
 
 
 14
 The Learning Group maintains the prior acts exclusion is ambiguous, but under California case law before an insurance provision is deemed to be ambiguous the challenged language must be susceptible of more than one reasonable interpretation. Helfand v. National Union Fire Ins. Co., 10 Cal. App. 4th 869, 880 (Cal. Ct. App. 1992), cert. denied, 114 S. Ct. 84 (1993). "Where contract language is clear and explicit and does not lead to an absurd result, we ascertain [the parties'] intent from the written provisions and go no further." Id. at 879.
 
 
 15
 Here, the Learning Group argues that because the prior acts exclusion expressly applies only to an "oral and written publication" it is effective as to paragraphs (1) and (2) of the advertising injury provision, which contain that phrase, but not effective to exclude an injury to GSG arising under paragraph (3). We think this construction is contrary to the clear and explicit meaning of the insurance contract.
 
 
 16
 An advertising injury will by definition be predicated on an offending publication. Hence any advertising injury necessarily will arise out of an oral or written publication. Similarly, to the extent GSG alleged it was injured by the Learning Group's advertising, it complained of a harm arising from the written publication of a name "whose first publication took place before the beginning of the policy period." The language of the exclusion logically applies to any and all advertising injuries, regardless of how those injuries are specifically described under the policy. We decline the Learning Group's invitation to read as ambiguous language that is clear in its intent and purpose.
 
 
 17
 The Learning Group also claims a question remains as to whether the endorsement excluding coverage for advertising injury under Coverage B of the Excess Policy is effective. This argument lacks merit. The copy of the Excess Policy submitted to the district court by the Learning Group contains the endorsement, and it is clearly part of the insurance agreement. ER at 1086, 1123.
 
 
 18
 Finally, the Learning Group contends that Federal's duty to defend under Coverage A of the Excess Policy does not "follow form," and therefore Federal has a duty to defend even if the Primary Policy's prior acts exclusion would bar recovery under Coverage A. Assuming, without deciding, that the Learning Group's construction of Coverage A is correct, "where there is no potential for recovery, there is no duty to defend." McLaughlin v. National Union Fire Ins. Co., 23 Cal. App. 4th 1132, 1149 (Cal. Ct. App. 1994).
 
 CONCLUSION
 
 19
 No issues of material fact exist which would preclude a grant of summary judgment in favor of Federal. We therefore AFFIRM the decision of the district court.
 
 
 
 *
 The Honorable J. M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3